UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIDDLESEX COUNTY RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SEMTECH CORP., JOHN D. POE, JASON L. CARLSON, MOHAN R. MAHESWARAN, DAVID G. FRANZ, JR., and JOHN M. BAUMANN<br><br>Defendants. | **CASE DESIGNATED FOR E-FILING**<br><br><br><br>Case No. 1:07-cv-7183 (DC) (THK) |
| LAWRENCE CHAYT, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>vs.<br>SEMTECH CORP., JOHN D. POE, JASON L. CARLSON, MOHAN R. MAHESWARAN, DAVID G. FRANZ, JR., and JOHN M. BAUMANN<br>Defendants. | **CASE DESIGNATED FOR E-FILING**<br><br><br><br>Case No. 1:07-cv-8641 (DC) (THK) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE INSTITUTIONAL INVESTORS GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**I.   INTRODUCTION**

Pursuant to Section 21D of the Securities Exchange Act of 1934 (The "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for the reasons set forth below, Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and

Vicinity ("Chicago Laborers'") and Jacksonville Police & Fire Pension Fund (Jacksonville Police and Fire") (collectively, the "Institutional Investors Group" or "Movant") respectfully moves this Court for an Order appointing it Lead Plaintiff on behalf of itself and all others similarly situated who purchased or otherwise acquired securities of Semtech Corporation ("Semtech" or the "Company") September 11, 2002 through and including July 19, 2006 (the "Class Period") and incurred damages as a result of the Defendants' violations of the federal securities laws; and (ii) approving Movant's choice of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") to serve as Lead Counsel.

Two class action complaints were filed in this court Semtech for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5.  The first complaint was filed on August 10, 2007 on behalf of Middlesex County Retirement System, and all others similarly situated, Civil Action No. 07-cv-7183 (DC) (the "*Middlesex* Action").  The *Middlesex* Action was assigned to the Honorable Denny Chin.  On October 5, 2007, undersigned counsel filed the instant case and identified it as related to the *Middlesex* Action. That same day, counsel received notification from the clerk's office that the case had been referred to the Judge Chin as a related case.  However, on October 15, 2007, counsel for the parties in the *Middlesex* Action entered into and tendered a Stipulation and Proposed Order Transferring the [*Middlesex* Action] to the Central District of California, which the Court endorsed the same day (the "Stipulation of Transfer").  The Stipulation of Transfer nowhere mentions the instant case.  It is likely that the Middlesex Action will be closed in the near future as a result of Judge Chin's transfer order.  For that reason, Movant is not seeking consolidation at this time.

## II.     BACKGROUND

The Related Actions allege that Semtech and certain of its officers and directors (collectively, "Defendants") violated the Securities Exchange Act of 1934 as a result of Defendants' false and misleading statements and omissions, which artificially inflated the price of Semtech's stock during the Class Period, causing harm to Semtech's investors.

According to the Complaint, Defendants artificially inflated Semtech's previously reported financial results through an improper stock option backdating scheme that was perpetrated at the highest levels of the Company. Defendants carried out this scheme by intentionally manipulating the grant date of stock options awarded to themselves and other officers and directors of the Company, selecting dates on which Semtech's stock was trading at a much lower price than the actual date of grant. In public disclosures, however, Defendants falsely claimed that the grants were dated and priced as of the date of the actual grant.

On July 20, 2006, Semtech revealed that it expected to record material amounts of additional compensation expense and restate its financial results from fiscal 2002 through 2006, and that its prior financial statements should not be relied upon. Semtech's share price fell in reaction to the announcement, falling from $13.19 to $12.37 per share. Semtech shares continued to fall in reaction to the news on July 21, 2006, closing at $11.60 per share.  After an internal investigation, the Company later admitted that its previously reported financial results were artificially inflated through the improper and *intentional* backdating of Company stock options, which was done at the direction of its former Chief Executive Officer and with the knowing participation of its former Chief Financial Officer and Treasurer, among others in high-level management  positions within the Company, resulting in, *inter alia*, the under-reporting of

compensation expenses and the overstatement of Semtech's net income by $91 million for fiscal years 1996-2006.

## III.  ARGUMENT

As discussed below, Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Additionally, Movant seeks Court approval of its selection of Lead Counsel for the Class.

### A.  Movant Satisfies the Procedural Requirements For Appointment as Lead Plaintiff

Section 21D of the PSLRA, codified as 15 U.S.C. § 78u-4, establishes a procedure for the appointment of lead plaintiffs in "each private action arising under the [Exchange Act or Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." § 21D(a)(1), § 27(a)(1). First, the plaintiffs who file the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiffs. PSLRA § 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on August 20, 2007. S*ee* Torell Decl., Ex. A.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." PSLRA § 21D(a)(3)(B)(i), 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiffs must be filed expires on October 19, 2007. Movant has moved within the

statutory 60-day time period. The motion contains the required certifications setting forth, *inter alia*, Chicago Laborers' and Jacksonville Police & Fire's transactions in Semtech's securities during the Class Period, and indicates that each has reviewed a complaint filed in the Action and is willing to serve as a representative party on behalf of the Class. *See* Torell Decl., Ex. B. In addition, Movant has selected and retained competent and experienced counsel, as set forth in counsel's resume. *See* Cohen Milstein resume at Torell Decl., Ex. C. As noted in the resume, the firm has developed an excellent reputation for successfully prosecuting federal securities laws claims.

**B.     Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff**

**1.     Movant is Presumptively the Most Adequate Plaintiff**

The PSLRA sets forth procedures for the appointment of lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that <u>the court determines to be most capable of adequately representing the interests of class members</u> (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i)(emphasis added). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23. and 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(II).

Movant satisfies each of these requirements. During the Class Period, Movant suffered losses of more than $356,800 as a result of its investments in Semtech.[1] Movant believes it has the largest financial interest in the relief sought by the Class. As set forth in their Joint Declaration (Torell Decl., Ex. C), the members of the Institutional Investors Group are willing to actively participate in the leadership of this litigation through both personal involvement and consultation with its chosen counsel. *See* Torell Decl., Ex. C. Pension systems are precisely the sort of investors Congress had in mind because the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one." *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y.2005); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir.2005); H.R. Conf. Rep. No. 104-369, at 11 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690; *Jolly Roger Offshore Fund Ltd.*, Slip. Op, 2007 WL 2363610, at *2 (S.D.N.Y. August 16, 2007) (noting that Congress sought to encourage appointment of institutional investors as lead plaintiffs).

Moreover, because Movant possesses a significant interest in the outcome of this litigation, it is presumed to be the "most adequate" plaintiff. 15 U.S.C.§ 78u-(4)(a)(3)(B)(iii)(I)(bb). Movant is both qualified to represent the class and willing to serve as a representative party. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one. Accordingly, Movant satisfies the

---

[1] Copies of Movant's certifications and loss calculation worksheets are attached to the Torell Decl. as Exhibit B. The losses suffered by Movant, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question, which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the executed certification required under Section 21D of the Exchange Act and based upon reference to information concerning the market for the Semtech common stock.

requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

### 2. Movant Satisfies The Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc); *see also In re Elan Corp. Sec. Litig.,* 2002 WL 31720410, at *3 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust v. Citigroup Inc.,* 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001)).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability.'" *Olsten,* 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. *Id.* As one court noted: "The premise of the typicality requirement is simply stated: as

goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. Transouth Fin. Corp.,* 184 F.R.D. 556, 563 (E.D. Va. 1999). The typicality requirement is plainly satisfied in the instant case, where Movant seeks the same relief and advances the same legal theories as other class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

Movant is an adequate representative for the class. Each member of the Institutional Investors Group purchased Semtech securities during the Class Period and, like other putative class members, as a result of the Defendants' deliberate fraudulent and deceptive practices, suffered a loss in the form of the diminution of value in the price of their Semtech stock. Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### C.    **The Court Should Approve the Movant's Selection of Cohen Milstein as Lead Counsel**

The PSLRA vests authority in the lead plaintiff or group of lead plaintiffs to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary "to

protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Cohen Milstein to serve as Lead Counsel. As detailed in its firm resume,[2] Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Albert Fadem Trust*, 239 F. Supp. 2d at 348 (approving as lead counsel law firm with "substantial experience and success in prosecuting securities fraud actions").

## IV.   CONCLUSION

Based on the foregoing, Movant respectfully requests that the Court: (i) appoint it as Lead Plaintiff; (ii) approve Movant's selection of Cohen Milstein as Lead Counsel; and (iii) grant such other relief as the Court may deem to be just and proper.

Dated: October 19, 2007                                          Respectfully submitted,

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.

  /s/    Catherine A. Torell
Catherine A. Torell (CT-0905)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

- and -

---

[2] A copy of Cohen Milstein's firm resume is attached to the Torell Decl. as Exhibit D.

                                    Steven J. Toll
                                    Daniel S. Sommers
                                    Elizabeth S. Finberg
                                    1100 New York Avenue, N.W.
                                    West Tower, Suite 500
                                    Washington, DC  20005-3964
                                    Telephone: (202) 408-4600
                                    Facsimile: (202) 408-4699

                                    **Attorneys for the Institutional Investors Group and Proposed Lead Counsel for the Class**

Of Counsel:

Robert D. Klausner
Klausner & Kaufman, P.A.
Attorneys At Law
10059 Northwest 1st Court
Plantation, Florida 33324
Telephone: (954) 916-1202

**Attorney for Jacksonville Police & Fire Pension Fund**