## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
MIDDLESEX COUNTY RETIREMENT
SYSTEM, On Behalf of Itself and All Others
Similarly Situated,

                Plaintiff,

  vs.

SEMTECH CORP., JOHN D. POE, JASON L.
CARLSON, MOHAN R. MAHESWARAN,
DAVID G. FRANZ, JR., and JOHN M.
BAUMANN

                Defendants.
---------------------------------------------------------------- x

Electronically Filed

Civil Action No.: 1:07-cv-07183-DC
(ECF Case)

Hon. Denny Chin

---------------------------------------------------------------- x
LAWRENCE CHAYT, On Behalf of Himself
and All Others Similarly Situated,

                Plaintiff,

  vs.

SEMTECH CORP., JOHN D. POE, JASON L.
CARLSON, MOHAN R. MAHESWARAN,
DAVID G. FRANZ, JR., and JOHN M.
BAUMANN

                Defendants.
---------------------------------------------------------------- x

Electronically Filed

Civil Action No.: 1:07-cv-08641-DC
(ECF Case)

Hon. Denny Chin

**THE MISSISSIPPI PUBLIC EMPLOYEES' RETIREMENT SYSTEM BRIEF IN FURTHER SUPPORT FOR ITS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL, AND IN <u>OPPOSITION TO THE COMPETING MOTION</u>**

On October 19, 2007, the Mississippi Public Employees' Retirement System ("Mississippi PERS") respectfully moved this Court, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an Order appointing it as Lead Plaintiff in this litigation and approving its selection of Cauley Bowman Carney & Williams, PLLC ("Cauley Bowman") and Baron & Budd, P.C. ("Baron & Budd") as Co-Lead Counsel and Labaton Sucharow LLP ("Labaton Sucharow") as Liaison Counsel for the Class.

On that same day, two other Semtech Corp. investors joined together and filed a motion pursuant to Section 21D of the Exchange Act for entry of an Order appointing themselves as Lead Plaintiff and approving their selection of Lead Counsel. The Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Counsel of Chicago and Vicinity and the Jacksonville Police & Fire Pension Fund (collectively the "Institutional Investors Group") combined to lose $356,715 in their Semtech Corp. investments.

As shown in Mississippi PERS' initial Memorandum of Law in Support of Its Motion for Appointment of Lead Plaintiff and Lead Counsel, and as further demonstrated below, Mississippi PERS is the most adequate plaintiff as defined under the PSLRA and relevant case law and offers the class the greatest opportunity to maximize recovery against Defendants. The certification filed by Mississippi PERS substantiates a loss of $1,488,453.56 from its purchases of Semtech Corp. securities, a loss well over $1.1 million *more* than that claimed by the Institutional Investors Group. Thus, Mississippi PERS has the largest financial interest in this case, and has already demonstrated an ability and desire to zealously pursue the matter to maximize recovery for the class. Indeed, the Institutional Investors Group acknowledges that Mississippi PERS is the presumptively most adequate lead plaintiff and does not oppose its motion for lead plaintiff. *See* Dkt #9. For these

1

reasons, this Court should grant Mississippi PERS' Motion for Appointment of Lead Plaintiff and approve its selection of Lead Counsel, and deny the other motion seeking similar relief.

## ARGUMENT

### I. MISSISSIPPI PERS IS PRESUMED TO BE THE MOST ADEQUATE PLAINTIFF

The PSLRA provides that the Court shall appoint as lead plaintiff the member or members of the proposed class that the Court determines to be the "most adequate plaintiff." §21D(a)(3)(B), 15 U.S.C. §78u-4(a)(3)(A)(B). In determining the "most adequate plaintiff," the PSLRA dictates that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that -
>
> (aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* As related in Mississippi PERS' initial Memorandum and as further detailed herein, Mississippi PERS is entitled to the presumption that it is the "most adequate plaintiff" to represent the class pursuant to the PSLRA because it meets all of the PSLRA's requirements in the determination of the "most adequate plaintiff."

First, Mississippi PERS has timely moved to be appointed Lead Plaintiff in response to a notice issued under the PSLRA. Second, Mississippi PERS has the largest financial interest of any movant for lead plaintiff. Third, Mississippi PERS otherwise satisfies the requirements of Fed. R. Civ. P. 23.

      **1.**      **Mississippi PERS Has Made a<br>Motion for Appointment as Lead Plaintiff**

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Mississippi PERS timely moved this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

      **2.**      **Mississippi PERS Has A Significant<br>Financial Interest In The Relief Sought By The Class**

During the Class Period, Mississippi PERS purchased Semtech common stock and has suffered estimated losses of $1,488,453.56 as a result of Defendants' misconduct. The only other movant for Lead Plaintiff sustained significantly smaller losses.

The PSLRA does not delineate a procedure for determining the "largest financial interest" among the proposed class members. To help guide this analysis, a four-factor inquiry was developed by the district court in *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, *5 (N.D. Ill. Aug. 11, 1997), and recognized by numerous courts across the country and in this District. *See, e.g., In re Bausch & Lomb Inc. Sec. Litig.,* 244 F.R.D. 169, 2007 U.S. Dist. LEXIS 50979, *8-9 (W.D.N.Y. July 13, 2007), *modified by* 2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007); *Vanamringe v. Royal Group Techs., Ltd.,* 237 F.R.D. 55, 57 (S.D.N.Y. 2006); *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005); *In re Nice Sec. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). The four factors relevant to the inquiry are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *Id.* When the four factor test is applied to the holdings of Mississippi PERS and the

Institutional Investor Group, Mississippi PERS prevails over the other movant on each of these four criteria.

|  | Number of Shares Purchased | Net Shares Purchased | Total Net Funds Expended | Loss Suffered |
|---|---|---|---|---|
| **Mississippi PERS** | 388,500 | 226,600 | $4,344,769.22 | $1,488453.56 |
| **Institutional Investors Group** | 100,600 | 22,200 | 522,622.72 | 356,715.00 |

The purpose of the PSLRA's consideration of a putative lead plaintiff's damages is to ensure that the lead plaintiff has incentive to maximize recovery. Mississippi PERS has the largest financial stake as among the putative lead plaintiffs and has the most incentive to prosecute the case to maximize both its own and the class's recovery.

### 3. Mississippi PERS Otherwise Satisfies Rule 23

Mississippi PERS otherwise satisfies Rule 23[2] because, like other class members, it purchased Semtech common stock on the open market during the class period at prices artificially inflated by the materially false and misleading statements issued by the Defendants, and were damaged as a result. Thus, its claims are typical, if not identical, to those of the other members of the class. Mississippi PERS is also an adequate representative of the class as its interests are clearly

---

[2] Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

4

aligned with the other members of the class. Mississippi PERS shares numerous common questions of law and fact with the other members of the class, and its claims are typical of other claims. Furthermore, Mississippi PERS has already taken significant steps which demonstrate that it has and will continue to protect the interests of the class; it has timely sought to participate as the lead plaintiff for the class, and has retained competent and experienced counsel to prosecute its claims. Thus, Mississippi PERS satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure.

In addition to satisfying the preliminary requirements of Rule 23, Mississippi PERS is precisely the type of large, sophisticated institutional investor – the prototypical Lead Plaintiff – envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.). Indeed, Mississippi PERS is a sophisticated institutional investor with vast resources to adequately litigate this action and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.,* 2006 U.S. Dist. LEXIS 3028, at *3-4 (S.D.N.Y Jan. 26, 2005) (same). Mississippi PERS has submitted its sworn certification demonstrating its desire to serve as Lead Plaintiff in this action and its understanding of the attendant duties of serving as such. *See* Ellman Decl. Ex. A filed October 19, 2007. Thus, as demonstrated above, Mississippi PERS is the prototypical lead plaintiff under the PSLRA.

### 4. Counsel Selected By Mississippi PERS Is Well Qualified And Should Be Approved

Mississippi PERS selected the law firms of Cauley Bowman and Baron & Budd as Co-Lead Counsel and Labaton Sucharow as Liaison Counsel for the Class to represent it in this litigation. The Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(AA).

Not only is there no reason for this Court to disturb Mississippi PERS' choice of counsel, but the appointment of Cauley Bowman and Baron & Budd as Lead Counsel in this litigation will substantially further the interests of the Class. Cauley Bowman is a nationally recognized law firm that concentrates its practice in complex litigation and, particularly, in the representation of investors and consumers in class action litigation. The firm has substantial experience in the prosecution of securities class actions, and serves as co-lead counsel in numerous shareholder securities class actions. Cauley Bowman lawyers have achieved substantial recoveries for aggrieved investors in class action lawsuits prosecuted in federal and state courts throughout the United States. Likewise, Baron & Budd is a recognized leader in the national plaintiff's bar and has achieved numerous large recoveries, including those on behalf of governmental clients. *See* Cauley Bowman and Baron & Budd Firm Resumes, Ellman Decl. Ex. D and E filed October 19, 2007. Proposed liaison counsel Labaton Sucharow LLP has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See* Labaton Sucharow Firm Resume, Ellman Decl. Ex. F filed October 19, 2007; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). If this Court grants Mississippi PERS

Motion for Appointment of Lead Plaintiff and approves its selection of Cauley Bowman and Baron & Budd as Lead Counsel and Labaton Sucharow as Liaison Counsel, this Court can be certain that the Class will receive the highest quality of legal representation.

## II.   NO OTHER LEAD PLAINTIFF MOVANT IS THE MOST ADEQUATE PLAINTIFF

No other movant has a financial interest in prosecuting this action against Semtech even approaching the stake of Mississippi PERS. The Institutional Investors Group loss, even when combined, is less than 20 percent of that suffered by Mississippi PERS. The Institutional Investors Group itself acknowledges that Mississippi PERS "has losses that far exceed those of [the Institutional Investors Group] and is therefore presumptively the most adequate lead plaintiff under the [PSLRA]." *See* Institutional Investors Group Response at 1-2, Dkt #9. Moreover, the Institutional Investors Group does not question the adequacy and typicality of Mississippi PERS. *See id*. ("Accordingly, the Institutional Investors Group does not oppose [Mississippi PERS'] motion for lead plaintiff."). As such, only Mississippi PERS has a "significant holding" in Semtech sufficient to make them an adequate plaintiff as required by the PSLRA.

## CONCLUSION

For the foregoing reasons, Mississippi PERS respectfully requests that this Court (1) appoint Mississippi PERS as lead plaintiff in these actions and any subsequently-filed related actions; (2) approve its selection of the law firms of Cauley Bowman Carney & Williams, and Baron & Budd, P.C. as Co-Lead Counsel and Labaton Sucharow LLP as Liaison Counsel; and (3) consolidate these and all similar actions presently filed or to be filed against defendants for all purposes, including trial.

Dated: November 5, 2007

Respectfully submitted,

**LABATON SUCHAROW LLP**

By: */s/ Christopher J. Keller*
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**Proposed Liaison Counsel**

**CAULEY BOWMAN CARNEY & WILLIAMS, PLLC**
J. Allen Carney
Randall K. Pulliam
11311 Arcade Dr., Suite 200
Little Rock, AR 72212
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

**BARON & BUDD, P.C.**
Russell Budd
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

**BARON & BUDD, P.C.**
Burton LeBlanc
6955 Perkins Road, Suite 100
Baton Rouge, LA 70808
Telephone: (225) 927-5441
Facsimile: (225) 768-7999

**Attorneys for the Mississippi Public Employees' Retirement System and Proposed Co-Lead Counsel for the Class**